J-S25010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PHEY CHARLES WILSON | : | |
| | : | |
| Appellant | : | No. 1539 WDA 2021 |

Appeal from the Judgment of Sentence Entered June 15, 2021
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0000562-2019

BEFORE: BENDER, P.J.E., DUBOW, J., and KING, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED: JANUARY 18, 2023**

Appellant, Phey Charles Wilson, appeals from the aggregate judgment of sentence of 1 to 2 years' incarceration, imposed after he pled *nolo contendere* to false imprisonment and indecent assault. On appeal, Appellant wishes to argue that the trial court abused its discretion by denying his post-sentence motion to withdraw his plea. Additionally, Appellant's counsel, Adam Yarussi, Esq., seeks to withdraw his representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

The trial court summarized the facts and procedural history of Appellant's case, as follows:

On November 9, 2018[,] at 3:25 P.M.[,] Officer Richards was dispatched to South Hills Rehab [for] an alleged assault. Officer Richards interviewed the victim, [C.C.], in order to determine

what had transpired. [C.C.] told Officer Richards that she had been assisting a patient[, Appellant] … in room 206. She told Officer Richards that[,] as she was guiding [Appellant] back to his room[,] … he began to play with her hair and put his hand on her shoulder. When they … arrived at his room[,] she attempted to direct him to his bed, however, [Appellant] proceeded to put his arms around her body and touched both of her breasts with his hands.

At this point[, C.C.] attempted to break free of [Appellant's] hold on her. She pushed him backwards towards the bed in an effort to get him off her. She then yelled for help. [Appellant] responded by attempting to cover her mouth with his hands. [C.C.] told Officer Richards that when another aide came into the room[, Appellant] immediately jumped off her and proceeded to act as if nothing had happened. Officer Richards interviewed another patient who was in the same room as [Appellant]. This interview revealed that the other patient had heard a commotion and did hear [C.C.] cry out for help. The other patient told Officer Richards that he had pressed the 'help' button in order for someone to come to the aid of [C.C].

On December 14, 2018[, Appellant] was charged with the following violations:

Count 1: Unlawful Restraint/Serious Bodily Injury, 18 Pa.C.S.[] § 2902(a)(1), a Misdemeanor of the First Degree.

Count 2: False Imprisonment, 18 Pa.C.S.[] § 2903(a), a Misdemeanor of the Second Degree.

Count 3: Indecent Assault Without Consent of Other, 18 Pa.C.S.[] § 3126(a)(1), a Misdemeanor of the Second Degree.

On February 23, 2021, a non-jury trial was scheduled to take place before this [c]ourt. [Appellant], however, decided to enter into an open plea of *nolo contendere* to False Imprisonment and Indecent Assault. The [c]ourt accepted [Appellant's] plea as a decision made knowingly, voluntarily, and intelligently. The plea to Indecent Assault required a determination of whether [Appellant] should be classified as a [S]exually [V]iolent [P]redator (SVP), which mandated that the Sexual Offenders Assessment Board (SOAB) conduct and complete an assessment on the issue within 90 days. It was after [Appellant entered] his plea … that this [c]ourt scheduled a sentencing hearing for June

8, 2021, at which time an SVP hearing would take place as well. On June 10, 2021, this [c]ourt issued an explanatory order classifying [Appellant] as a[n SVP]. On June 15th, this [c]ourt filed an Amended Order of Sentence. [Appellant] filed a timely[,] Post-Sentence Motion to withdraw his [*nolo contendere*] plea on June 25, 2021. [Appellant] alleged that his plea was not made knowingly, intelligently, and voluntarily.

Trial Court Opinion (TCO), 12/1/21, at 1-3 (unnumbered; footnotes omitted; some spacing altered).

On November 30, 2021, the court issued an order and opinion denying Appellant's post-sentence motion.[1] He filed a timely notice of appeal. The court did not direct Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. However, on December 30, 2021, the court filed a document entitled, "1925(b) Order," simply stating that it was relying on its November 30, 2021 opinion (filed on December 1, 2021) in asking this Court to "dismiss the appeal." Order, 12/30/21, at 1 (single page).

On January 5, 2022, Attorney Yarussi filed a "Motion for Leave to Withdraw as Counsel[,]" claiming that Appellant refused to speak to him and, thus, counsel could not "effectively represent Appellant nor … confirm if Appellant wants to pursue the appeal." Motion for Leave to Withdraw as Counsel, 1/5/22, at 1 (unnumbered). On January 13, 2022, this Court denied counsel's motion to withdraw, without prejudice for him to seek to withdraw

---

[1] Appellant's post-sentence motion was filed by his prior counsel, Kimberly A. Furmanek, Esq. On December 14, 2021, the trial court granted Attorney Furmanek's petition for leave to withdraw and appointed Attorney Yarussi to represent Appellant.

in the trial court. It is unclear if counsel filed any motion to withdraw in the trial court.

On February 25, 2022, Attorney Yarussi filed with this Court an **Anders** brief. However, he did not file another application to withdraw. In his **Anders** brief, Attorney Yarussi stated two issues for our review:

I.      There are no non-frivolous issues preserved for appeal.

II.     Whether the [t]rial [c]ourt erred and abused its discretion by denying Appellant the right to withdraw his guilty plea … after Appellant was advised of his rights by the court and his trial counsel[,] and was his plea … knowing, intelligent, and voluntary.

**Anders** Brief at 7.

On October 11, 2022, we filed a memorandum decision denying Attorney Yarussi's petition to withdraw for two reasons. **See Commonwealth v. Wilson**, 1539 WDA 2021, unpublished memorandum (Pa. Super. filed Oct. 11, 2022). First, Attorney Yarussi had not filed another petition to withdraw after we denied his January 5, 2022 application to withdraw. **Id.** at *5. Therefore, we concluded that we could not grant withdrawal where no petition was presently pending before us. **Id.** Second, we found that Attorney Yarussi's **Anders** brief failed to comply with the requirements for withdrawal. **Id.** at *5-6. Namely, Attorney Yarussi did not refer to anything in the record that could arguably support Appellant's appeal. **Id.** at *8. **See Santiago**, 978 A.2d at 359 (repeating that "what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal").

Accordingly, we denied counsel's request to withdraw and directed counsel to: (1) file a petition to withdraw with this Court; (2) file, and send to Appellant, an amended *Anders* brief that discusses the claims raised in Appellant's post-sentence motion, and meets all other requirements for withdrawal set forth *supra*; and (3) send a letter to Appellant (and attach a copy of the letter to his amended *Anders* brief) informing him of the rights enumerated in *Commonwealth v. Nischan*, 928 A.2d 349 (Pa. Super. 2007). *Id.* at *9. Alternatively, we stated that counsel could file an advocate's brief on Appellant's behalf. *Id.*

Attorney Yarussi has now filed with this Court a petition to withdraw from representing Appellant, as well as an amended *Anders* brief, stating that Appellant wishes to raise the following issue for our review:[2]

> Whether the trial court erred and abused its discretion by denying Appellant the right to withdraw his guilty plea … after Appellant was advised of his rights by the court and his trial counsel[,] and was his plea … knowing, intelligent, and voluntary.

*Anders* Brief at 7. Attorney Yarussi concludes that Appellant's challenge to the court's denial of his post-sentence motion to withdraw his *nolo contendere* plea is frivolous. Accordingly,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by

---

[2] Attorney Yarussi also includes, as a separate issue, the claim that "[t]here are no non-frivolous issues preserved for appeal[.]" *Anders* Brief at 7. As we necessarily address this claim in our assessment of counsel's petition to withdraw, we do not set it forth as a separate issue herein.

[the appellant]. ***Commonwealth v. Goodwin****,* 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under ***Anders****,* counsel must file a brief that meets the requirements established by our Supreme Court in ***Santiago****.* The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago****,* 978 A.2d at 361. Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan****,* 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, … 936 A.2d 40 ([Pa.] 2007).

***Commonwealth v. Orellana***, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of ***Anders*** and ***Santiago***, this Court must then "conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In this case, Attorney Yarussi's ***Anders*** brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably

support Appellant's claims, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Attorney Yarussi also states in his petition to withdraw that he has supplied Appellant with a copy of his *Anders* brief. Additionally, he attached a letter directed to Appellant to his *Anders* brief, in which he informed Appellant of the rights enumerated in *Nischan*. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issue is frivolous, and to ascertain if there are any other, non-frivolous issues he could pursue on appeal.

Appellant seeks to argue that the trial court erred by denying his post-sentence motion to withdraw his plea, alleging that it was not voluntarily, knowingly, and intelligently entered for two reasons. First, Appellant claims that he was not properly notified of his registration requirements under the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41. Second, he alleges that he lacked "the mental capacity and/or legal competency to understand the proceedings on the record[,]" thus invalidating his *nolo contendere* plea. *Anders* Brief at 9. We will address each claim in turn, applying the following standard of review:

> [P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty

plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

[**Commonwealth v. Broaden**, 980 A.3d 124, 129 (Pa. Super. 2009).] "It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." **Commonwealth v. Hart**, 174 A.3d 660, 664 (Pa. Super. 2017) (applying abuse of discretion in post-sentencing context). The term discretion

imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, and discretionary power can only exist within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judges. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary action. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

**Commonwealth v. Shaffer**, … 712 A.2d 749, 751 ([Pa.] 1998) (citation omitted).

**Commonwealth v. Kehr**, 180 A.3d 754, 756–57 (Pa. Super. 2018).

Initially, Appellant seeks to argue that his plea is invalid because he was not properly notified of his SORNA registration requirements. First, we observe that, at the plea proceeding, the court notified Appellant multiple times during the plea colloquy that, by pleading guilty to indecent assault, he faced a 15-year registration requirement under SORNA. **See** N.T. Plea, 2/23/21, at 4, 13-14, 15. The court also informed Appellant that it "must decide whether [he is] a[n SVP], as defined by Pennsylvania law." **Id.** at 22. Appellant was told that the SOAB "was going to have to do an evaluation."

*Id.* at 23. The court explained how the SOAB assessment would proceed, and how the court would determine if he met the statutory criteria for an SVP. *Id.* at 23-24. It also notified Appellant that if he were deemed to be an SVP, he would "have additional reporting requirements." *Id.* at 24.

Then, at the close of the plea proceeding, the court informed Appellant that he had the right to have the SVP determination made prior to his sentencing hearing. *See id.* at 30; *see also* 42 Pa.C.S. § 9799.58(a) ("After conviction but before sentencing, a court shall order an individual convicted of an offense specified in section 9799.55 (relating to registration) to be assessed by the board."); 42 Pa.C.S. § 9799.58(e)(3) ("At the hearing prior to sentencing, the court shall determine whether the Commonwealth has proved by clear and convincing evidence that the individual is a sexually violent predator."). However, the court asked Appellant if he wished to waive that right and proceed with his sentencing before the SVP determination, and Appellant indicated that he did. N.T. Plea at 31.

Thus, Appellant was sentenced on June 8, 2021. Although the SVP hearing was conducted that same day, the court did not issue an order deeming Appellant an SVP until June 10, 2021. Because Appellant was notified of his right to have the SVP determination made prior to his sentencing, and he explicitly waived that right, we discern no error by the court in denying his post-sentence motion to withdraw his *nolo contendere* plea on this basis. *See* ***Commonwealth v. Whanger***, 30 A.3d 1212, 1214 (Pa. Super. 2011) (concluding that the statutory requirement that the SVP assessment and

determination be conducted after conviction but before sentencing can be waived).[3]

Next, Appellant wishes to argue that his plea was invalid because he was mentally incompetent to enter it. Preliminarily, we note that Appellant did not raise any challenge to his competency before or during the plea proceeding. Additionally, as the trial court points out, it

> administered an extensive colloquy with [Appellant] prior to accepting his plea. [Appellant] answered every question that the court asked. [Appellant] asked whether he was under the influence of any drug, alcohol, or controlled substance. Additionally, [Appellant] was asked whether he took any medication for any mental health illness. [Appellant] responded no to all of these questions.

TCO at 9 (unnumbered); *see also* N.T. Plea at 5-32. Therefore, nothing in the court's colloquy of Appellant indicates that his competency was questionable, or that the court should have further explored his cognitive ability to enter the *nolo contendere* plea. Additionally, Appellant did not raise

---

[3] We also reject Appellant's argument, raised in his post-sentence motion, that his plea is invalid because the trial court failed to notify him that he would be subject to a lifetime-registration requirement if deemed to be an SVP. In ***Commonwealth v. Butler***, 226 A.3d 972 (Pa. 2020), our Supreme Court held that the SVP requirements of SORNA are non-punitive. Therefore, the lifetime registration requirement applicable to Appellant as an SVP is a collateral consequence of his conviction, and it was not necessary that he be made aware of that collateral consequence before entering his *nolo contendere* plea. ***See Commonwealth v. Leidig***, 956 A.2d 399 (Pa. 2008) (holding that the trial court's failure to accurately advise the defendant of the duration of his registration period did not constitute grounds for post-sentence withdrawal of his plea, where the sex offender registration requirements were merely collateral consequences of his plea).

any issue concerning his competency, object to his competency to enter his plea, or "provide any medical opinion concerning his lack of capacity to enter a plea." TCO at 10 (unnumbered). Therefore, we conclude that the court did not abuse its discretion in denying his post-sentence motion to withdraw his plea on the basis that he was incompetent to enter it.[4]

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  01/18/2023

---

[4] To the extent Appellant argued, in his post-sentence motion, that his plea counsel was ineffective for not challenging his competency, we decline to review this issue on direct appeal. In **Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013), our Supreme Court held that, absent certain circumstances, claims of ineffective assistance of counsel should be deferred until collateral review under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. The specific circumstances under which ineffectiveness claims may be addressed on direct appeal are not present in the instant case. **See id.** at 577-78 (holding that the trial court may address claim(s) of ineffectiveness where they are "both meritorious and apparent from the record so that immediate consideration and relief is warranted," or where the appellant's request for review of "prolix" ineffectiveness claims is "accompanied by a knowing, voluntary, and express waiver of PCRA review").